UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE NO. 1, JANE ROE NO. 2, JANE ROE NO. 3, and JANE ROE NO. 4, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DJA VU SERVICES, INC., et al.,<br><br>Defendants. | Case No.: 19cv0196 DMS (KSC)<br><br>**ORDER (1) DENYING PLAINTIFF-INTERVENORS' MOTION TO REMAND AND (2) TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** |

This matter comes before the Court on Plaintiff-Intervenors' motion to remand this case to state court. Plaintiffs Roes No. 1 and 2 filed a notice of non-opposition to the motion, Defendants filed an opposition to the motion and Plaintiff-Intervenors filed a reply. For the reasons discussed below, the motion is denied.

**I.**

**BACKGROUND**

This case is one of several class action cases that have been filed in the state and federal courts of California on behalf of current or former exotic dancers at nightclubs throughout the State. There are currently five other cases pending in the United States District Court for the Northern District of California, one of which is on currently on appeal

at the United States Court of Appeal for the Ninth Circuit. *See Roes v. SFBSC Management, LLC*, Case No. 14cv3616 (N.D. Cal.), Case No. 17-17079 (9th Cir.); *Hughes v. S.A.W. Entertainment*, Case No. 16cv3371; *Pera v. S.A.W. Entertainment*, Case No. 17cv138; *Mehraban v. Gold Club*, Case No. 17cv5288; *Gomez-Ortega v. Déjà vu San Francisco*, Case No. 17cv6971.[1] The original Complaint in this case was filed on May 31, 2018, in San Diego Superior Court by Jane Roes 1 through 4 against Déjà vu Services, Inc., Harry Mohney, Grapevine Entertainment, Inc., Cathay Entertainment, Inc., Nite Life East, LLC, SP Star Enterprise, Inc., Coldwater, LLC, New Wave, Inc., Eyefull, Inc., CBDM Redlands, LLC, 3610 Barnett Ave., LLC, 4805 Convoy, Inc., C.B. & D.M. Entertainment, Inc., Jolar Cinema of San Diego, Ltd., Pacers, Inc., Showgirls of San Diego, Inc., Bijou-Century, LLC, BT California, LLC, Chowderhouse, Inc., Déjà vu – San Francisco, LLC, Déjà vu Showgirls Temptations/Little Darlings, Gold Club – SF, LLC, Market Street Cinema, LLC, S.A.W. Entertainment, Ltd., San Francisco Garden of Eden, LLC, San Francisco Roaring 20s, Stockton Enterprises, LLC and Bob Martin, Inc. In their original Complaint, Plaintiffs alleged Defendants misclassified them as independent contractors rather than employees. Plaintiffs also alleged Defendants attempted to coerce them "to waive their statutory rights and elect to be treated as independent contractors." (Compl. ¶ 54.) Plaintiffs claimed Defendants (1) failed to pay Plaintiffs statutory minimum wages and overtime in violation of the Fair Labor Standards Act ("FLSA"), (2) failed to pay minimum wage as required by California Labor Code §§ 1194, 1197, 1198 and 1199, (3) failed to pay overtime as required by California Labor Code §§ 1194, 1198, 510 and 558, (4) failed to provide itemized wage statements in violation of California Labor Code § 226 and IWC Wage Order 4-2001, (5) failed to pay waiting time penalties in violation of California Labor Code §§ 201-203, (6) failed to pay all wages owed every pay period in

---

[1] There is also another case pending before the United States Court of Appeal for the Sixth Circuit against some of the same defendants alleging similar claims. *See Does v. Déjà vu Consulting, Inc.*, Case No. 17-1827.

violation of California Labor Code § 204, (7) engaged in conversion and (8) violated California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.*

After that Complaint was filed, Plaintiffs reached a settlement with certain of the named Defendants and other affiliated entities, and filed a motion for preliminary approval of that settlement with the court. A week after that motion was filed, Defendants filed a motion to compel arbitration "to avoid a waiver of their right to enforce the arbitration provisions and class action waivers agreed to by Roes 1 through 4 in the unlikely event the settlement of the Action is not approved by the court." (ECF No. 1-11 at 3.) Thereafter, Plaintiff-Intervenors filed a motion to intervene in the case. The court heard oral argument on the motion for approval of the settlement and the motion to intervene on November 30, 2018, after which it denied the motion for approval of the settlement and requested supplemental briefing on the motion to intervene. After the supplemental briefs were submitted, the court granted the motion to intervene. Plaintiff-Intervenors filed their Complaint in Intervention on December 27, 2018, naming as Defendants S.A.W. Entertainment, Ltd., Gold Club – S.F., LLC, and SFBSC Management, LLC. In that Complaint, Intervenors alleged claims for (1) violation of California Labor Code §§ 1197 and 1194, (2) violation of 29 U.S.C. § 206(a)(1)(C), (3) violation of California Labor Code § 226(a), (4) violation of California Business and Professions Code § 17200, (5) violation of California Labor Code § 2802, (6) violation of California Labor Code § 351 and (7) penalties pursuant to California's Private Attorney General Act of 2004, Cal. Labor Code §§ 2698, *et seq.*

On January 18, 2019, the court denied Defendants' motion to compel arbitration. Ten days later, on January 28, 2019, Defendants removed the case to this Court. A few weeks later, Defendants filed a motion for reconsideration, motion to hold in abeyance, or to amend the state court's order denying their motion to compel arbitration along with a separate motion to compel arbitration of the Intervenors' claims. Intervenors then filed the present motion to remand.

///

# II.

# DISCUSSION

According to Defendants, the basis for their removal of this case was the filing of the Complaint in Intervention, which named SFBSC as a Defendant. (Notice of Removal ¶ 3.) Prior to that time, SFBSC was not a party to this case. Defendants argue SFBSC timely removed the case after being named as a Defendant in the Complaint in Intervention, all other Defendants have consented to the removal, and thus the removal was proper. Intervenors raise two arguments in response to Defendants' position and in support of their motion to remand. First, they argue Defendants waived either their right to remove the case in the first instance or to consent to removal at a later time. Second, Intervenors assert the removal was untimely.

Intervenors appear to acknowledge that when a defendant is added to a case at a later time, it generally has an independent right to removal. (Mem. of Law in Supp. of Mot. at 10.) However, they argue that general rule does not apply here "because the SFBSC entity is virtually indistinguishable from the entities that [were] sued in the original pleadings." (*Id.*) In support of this argument, Intervenors cite *RCM Int'l, LLC v. Alpental Energy Partners, LLC*, No. 14-CV-04788 SC, 2014 WL 6844944 (N.D. Cal. Dec. 4, 2014). In that case, the court found a newly added defendant did not have an independent right of removal because of the litigation behavior of the originally named defendant and its close relationship with the newly added defendant. *Id.* at *4. The court explained that recognizing an independent right of removal under those circumstances "would be incompatible with any of the statute's underlying purposes and the Ninth Circuit's directive to construe the removal statutes strictly against removal." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The court also stated that an independent right of removal under these circumstances "would [ ] undermine the purpose of Section 1446(b)(1), by granting 'the defendant of the undeserved tactical advantage … [of] wait[ing] [to] see how he was faring in state court before deciding whether to remove the case to another court….'" *Id.* (quoting *Wilson v. Intercollegiate (Big Ten) Conference*

*Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982)). The final factor underlying the court's conclusion was that "denying remand would ignore the advanced state of the Underlying Action, and circumvent, if not fully undermine a pending sanctions motion in state court." *Id.*

*RCM* appears to be an anomaly, however, and it is factually distinguishable from this case in several important respects. Unlike in *RCM*, there is no evidence here that any of the Defendants named in the original Complaint transferred their interests in this case to SFBSC. Also unlike in *RCM*, there is no evidence, nor any allegation, that SFBSC is a wholly-owned subsidiary of any of the Defendants named in the original Complaint.

Intervenors rely on other facts in an attempt to show the same kind of relationship between SFBSC and the other Defendants in this case as existed between the defendants in *RCM*. Those facts include representation by the same law firm, an alleged agency relationship between SFBSC and the other Defendants, and SFBSC's alleged "management" of other Defendant entities. (Mem. of Law in Supp. of Mot. at 10.) However, none of these alleged facts, considered alone or together, establishes the kind of "close affiliation" that was present with the defendants in *RCM*. Intervenors also assert that SFBSC was identified as an "affiliated entity" in the settlement agreement presented to the state court, (Mem. of Law in Supp. of Mot. at 17), but that assertion is belied by the settlement agreement itself. (*See* Settlement Agreement, Ex. A, ECF No. 1-7 at 163) (listing clubs involved in settlement, which does not include SFBSC). Intervenors also contend SFBSC was "mistakenly omitted or misidentified in the original complaint," (Mem. of Law in Supp. of Mot. at 18), but that contention is unsupported by any evidence. Indeed, it appears to be pure conjecture about the intent and conduct of the original Plaintiffs in this case.

The other important distinction between this case and *RCM* is there is no evidence here that the Defendants named in the original Complaint engaged in any "obfuscatory discovery behavior" designed to conceal SFBSC's existence. *See RCM*, 2014 WL 6844944, at *4. On the contrary, Plaintiffs in this case were aware of the numerous cases

filed in the Northern District of California, (Pls.' Mem. of P. & A. in Supp. of Mot. for Prelim. Approval of Class Action Settlement, ECF No. 1-7 at 14-15), and thus should have known of SFBSC's existence. Whatever the reason for Plaintiffs' failure to name SFBSC in their Complaint, it cannot be said that Defendants here engaged in the same sort of "misleading" behavior that occurred in *RCM*. *See id.* (describing defendant's failure to reveal existence of later-named defendant during discovery).

In light of these distinctions, the Court cannot say that Defendants in this case share the same kind of "close affiliation" that existed between the defendants in *RCM*. In the absence of that kind of relationship, SFBSC had an independent right to remove the case, *see Cox v. R.J. Reynolds Tobacco Co., Inc.*, No. 17-01229 SJO (JCx), 2017 WL 1293007 (C.D. Cal. Apr. 5, 2017) (distinguishing *RCM* and finding defendant had an independent right to remove); *see also Montana v. Talen Montana, LLC*, No. 16-35-H-DLC-JCL, 2017 WL 2963864, at *4 (D. Mont. Jan. 23, 2017) (rejecting argument that defendants were so "closely affiliated" that later-served defendant rule did not apply), and it did so within the thirty days provided for in 28 U.S.C. § 1446(b)(1).[2]

Intervenors' only other argument is that Defendants cannot satisfy the unanimity requirement of 28 U.S.C. § 1446(b)(2)(A)[3] because Defendants other than SFBSC waived their rights to consent to removal through their litigation conduct in state court.[4] "While it

---

[2] Intervenors argue SFBSC's removal of the case was untimely because of its "close relationship" with the Defendants named in the original Complaint. (Mem. of Law in Supp. of Mot. at 17-19.) In light of the discussion above, the Court rejects this argument. Armed with its own independent right of removal, there is no dispute SFBSC's removal was timely.

[3] This statute provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

[4] Intervenors also rely on Defendants' litigation conduct in state court to support a distinct but related argument, namely that Defendants waived their rights to removal in the first instance. However, whether Defendants waived their initial right to remove is irrelevant in light of the Court's finding above that SFBSC had an independent right of removal. The

6

appears the Ninth Circuit has yet to address the issue, a number of district courts have recently held that litigation conduct of an earlier-served defendant does not prevent it from consenting to a later-served defendant's notice of removal." *Montana*, 2017 WL 2963864, at *4. "As these cases reflect, applying the waiver doctrine to prevent an earlier-served defendant from consenting to removal by a later-served defendant would defeat the purpose of the later-served defendant rule as codified by the 2011 amendments to the removal statute." *Id.*[5] Following the lead of those other district courts, the *Montana* court concluded "that the litigation conduct of an earlier-served defendant … does not preclude it from consenting to removal by a later-served defendant, and has no effect on the later-served defendant's right of removal." *Id.*

Intervenors cite a handful of cases that reached the opposite conclusion, but two of those cases were decided before the 2011 amendments to the removal statute went into effect, *see Onders v. Kentucky State Univ.*, No. 3:11-45-DCR, 2011 WL 6009643 (E.D. Ky. Dec. 1, 2011); *Francis v. Rust-Oleum Corp.*, No. CV 10-07885 DDP (FFMx), 2011 WL 1540343 (C.D. Cal. Apr. 20, 2011), and the third comes from a district court outside of the Ninth Circuit. *See Harvey v. Ute Indian Trib of Uintah and Ouray Reservation*, No. 2:13-CV-00862, 2014 WL 2967468 (D. Utah July 1, 2014).

This Court finds the reasoning of *Montana* persuasive, and adopts the same conclusion as that court, namely that in light of 28 U.S.C. § 1446(b)(2)(C), an earlier-served defendant does not waive its right to consent to removal by a later-served defendant due to its litigation conduct in state court. Absent a finding of waiver, Defendants have

///

---

only issue that remains in light of that finding is whether Defendants waived their ability to consent to removal, which the Court addresses above.

[5] That statute provides: "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

consented to the removal of this case, and thus the unanimity requirement of § 1446(b)(2)(A) is satisfied.

### III.
### CONCLUSION

For these reasons, the Court denies Intervenors' motion to remand. Consistent with Defendants' Notice of Related Cases, (*see* ECF No. 2), the Court orders the parties to show cause why this case should not be transferred to the United States District Court for the Northern District of California, and specifically to United States Magistrate Judge Laurel Beeler, who is presiding over the other five cases listed above. The parties shall file their responses to this Order on or before **May 10, 2019**.

**IT IS SO ORDERED**.

Dated: April 29, 2019

Hon. Dana M. Sabraw
United States District Judge

8
19cv0196 DMS (KSC)