UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE NO. 1, JANE ROE NO. 2, JANE ROE NO. 3, and JANE ROE NO. 4, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DJA VU SERVICES, INC., et al.,<br><br>Defendants. | Case No.: 19cv0196 DMS (KSC)<br><br>**ORDER TRANSFERRING CASE TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** |

On April 29, 2019, this Court issued an order denying Plaintiff-Intervenors' motion to remand, and for the parties to show cause why this case should not be transferred to the United States District Court for the Northern District of California for consolidation with several related cases being litigated in that court. Defendants Déjà vu Services, Inc., Harry Mohney, Grapevine Entertainment, Inc., Nite Life East, LLC, SP Star Enterprise, Inc., Coldwater, LLC, 3610 Barnett Ave., LLC, Jolar Cinema of San Diego, Ltd., Showgirls of San Diego, Inc. and Stockton Enterprises, LLC, (the "Non-San Francisco Defendants"), Defendants Bijou-Century, LLC, BT California, LLC, Chowderhouse, Inc., Déjà vu-San Francisco, LLC, Déjà vu Showgirls of San Francisco, LLC, Gold Club-S.F., LLC, S.A.W. Entertainment, Ltd., San Francisco Garden of Eden, LLC, San Francisco Roaring 20s, LLC

1

and SFBSC Management, LLC, ("the San Francisco-based Defendants") and Plaintiff-Intervenors Elana Pera, Penny Nunez, Sarah Murphy, Poohrawn Mehraban, Nicole Hughes, Angelynn Hermes, Gypsy Vidal and Rashele Hamren all consent to transfer. Plaintiffs Jane Roe 1 and 2 do not consent, and oppose transfer. In the alternative, they request that the Court bifurcate the Intervenors' claims against the San Francisco-based Defendants and transfer only that portion of the case to the Northern District of California.

Title 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Here, Plaintiffs argue this case could not have been brought in the Northern District of California, and that the convenience and justice factors weigh against transfer.

In support of their first argument, Plaintiffs rely primarily on 28 U.S.C. § 1391(b)(2), which provides for venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(2). Plaintiffs assert "a substantial part of the events or omissions" giving rise to their claims occurred in this District, therefore venue is proper here. However, they fail to consider 28 U.S.C. § 1391(b)(1), which provides for venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" 28 U.S.C. § 1391(b)(1). Plaintiffs do not dispute that all of the Defendants in this case reside in California, and it appears that at least one of the named Defendants resides in the Northern District of California. (*See* Compl.) (naming as Defendants Déjà vu – San Francisco, LLC, Gold Club – SF, LLC, San Francisco Garden of Eden, LLC, San Francisco Roaring 20's). Thus, contrary to Plaintiffs' argument, this case "might have been brought" in the Northern District of California.

The only other factors the Court must consider are the convenience of transfer to the parties and witnesses, and the interest of justice. Given that Defendants and Plaintiff-

Intervenors consent to transfer, the Court presumes that transfer to the Northern District of California would be not be inconvenient for them. The only parties who claim inconvenience are Plaintiff Roes, and that claim is based on Roe 1's residence in San Bernardino, Roe 2's residence in San Diego, and the location of Roes' counsel, whose office is in San Diego. Notably, San Bernardino does not fall within the Southern District of California, therefore Roe 1's residence does not weigh in favor of the case remaining here. Furthermore, "it is well-settled that the location of counsel is 'irrelevant and improper for consideration in determining the question of transfer of venue.'" *Hernandez v. Baxter Healthcare Corp.*, No. SACV 15-01075-CJC(DFMx), 2015 WL 13756017, at *2 (Sept. 10, 2015) (quoting *In re Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003)). That leaves only Roe 2's residence in this District, which, when weighed against the convenience to all other parties, does not support the case remaining here.

Turning to the interests of justice, Plaintiff Roes argue their choice of forum is entitled to deference, and that factor weighs against transfer. Generally, a plaintiff's choice of forum is entitled to deference. *Hawkins v. Gerber Products Co.*, 924 F.Supp.2d 1208, 1214 (S.D. Cal. 2013) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). Here, however, there is some evidence Plaintiffs were forum shopping, which diminishes the deference afforded to their choice of forum. *Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001) (citing *Royal Queentex Enterprises Inc. v. Sara Lee Corp.*, No. C-99-4787 MJJ, 2000 WL 246599, at *3 (N.D. Cal. Mar. 1, 2000)) Specifically, Plaintiffs are represented by the same counsel representing the plaintiffs in the Sixth Circuit litigation, and therefore must have had knowledge of the related litigation pending in the Sixth and Ninth Circuits. At the time this case was filed, settlement of the first related class action in the Northern District of California was on appeal to the United States Court of Appeal for the Ninth Circuit, and the other four related class actions in the Northern District of California had been stayed. Settlement of the Michigan class action was also on appeal to the United States Court of Appeals for the Sixth Circuit. Knowing that related litigation was proceeding in two other districts, it is

unclear why Plaintiffs did not file their case in either of those districts, particularly the Northern District of California since some of the Defendants named here are located in that District.  It may have been more convenient for Plaintiff Roe 2, who resides in this district, and her counsel, whose office is located here, to file their case in San Diego, but Plaintiffs fail to explain why they did not file in the Northern District, given that court's history and familiarity with the related litigation.  Instead, Plaintiffs filed in San Diego Superior Court, and less than five months later, submitted a motion for approval of their settlement agreement with Defendants.  These circumstances, at a minimum, give an "indication" that Plaintiffs may have been engaged in forum shopping, and thus their choice of forum is not entitled to the usual deference.

Weighing the factors discussed above and the other factors mentioned in Plaintiffs' response to the Order to Show Cause, the Court concludes that transfer of this entire case[1] to the Northern District of California would be more convenient for the majority of the parties to this case, and that the interest of justice would be served by transfer.  As stated above, all of the parties to this case, save for the two Plaintiff Roes, consent to transfer to the Northern District.  That District has been presiding over the related cases for nearly four years, and the claims asserted here substantially overlap with the claims asserted in those cases.  Furthermore, the Northern District Court is presumably familiar with all of the interested parties, *i.e.*, Plaintiffs, Intervenors and Defendants, and the numerous and related issues in this case, *e.g.*, whether any of the Plaintiffs/Intervenors' claims are subject to arbitration, whether any class or classes should be certified, and whether any settlements should be approved in light of the claims asserted.  Indeed, that court has already ruled on motions raising all of these issues, and it would be more efficient, economical and

---

[1] As for Plaintiffs' request to bifurcate this case and transfer only the Intervenors' claims against the San Francisco-based Defendants to the Northern District of California, that request is denied.  Plaintiffs fail to cite any authority for this approach, and it makes little sense to transfer the Intervenors' claims against the San Francisco-based Defendants but allow Plaintiffs to proceed with their claims against these same Defendants in this Court.

1  expeditious for that court to consider those issues in this substantially similar case. It also
2  bears mention that this case has been brought to the attention of the Northern District Court,
3  which, according to Intervenors, has "expressed its understanding that additional related
4  cases would likely be transferred to that forum." (Intervenors' Resp. to Order to Show
5  Cause at 1.) Accordingly, the Court transfers this case to the United States District Court
6  for the Northern District of California, where it may be consolidated with the other related
7  cases.

**IT IS SO ORDERED**.

Dated: July 9, 2019

Hon. Dana M. Sabraw
United States District Judge